Welch, J.
This is a medical malpractice action brought by Karen and Michael Rosen against Jeffrey Katz, M.D. The plaintiffs allege that Dr. Katz negligently failed to apprise them of the findings and recommendations stated in a radiology report of an ultrasound examination dated January 16, 1992 and negligently failed to order a repeat fetal ultrasound examination in the second trimester. The plaintiffs’ son, Corey Rosen, was born on July 14, 1992, with cardiac defects and without an esophagus. The plaintiffs maintain that had they known of the cardiac anomalies and missing esophagus, they would have elected to terminate the pregnancy.
The original complaint contained three counts: (1) Count I sought damages for Karen Rosen, (2) Count II sought damages for Michael Rosen, and (3) Count III sought damages for Corey Rosen. Karen and Michael Rosen then filed a motion to appoint Mary F. McCabe as Guardian Ad Litem. This court (Borenstein, J.) allowed this motion on April 12, 1993. The defendant then filed a motion to dismiss Count III of the plaintiffs’ complaint. This court (Grabau, J.) dismissed Count III on October 1, 1993 because on September 13, 1993, Karen and Michael Rosen gave Corey up for adoption and therefore, no longer had legal custody of the child. In addition, the court noted that a Guardian Ad Litem had been appointed for the child. Corey Rosen was then formally adopted by his foster parents, John and Jane Doe.
The Guardian Ad Litem, Mary F. McCabe, now moves to intervene pursuant to Mass.R.Civ.P. 24 in order to include a claim for the minor child, Corey Doe, who is no longer the plaintiffs’ legal ward. For the following reasons, the Guardian Ad Litem’s Motion to Intervene is allowed.
DISCUSSION
It is well settled in Massachusetts, that “a physician is not liable to a child who was born because of the physician’s negligence.” Viccaro v. Murphy, 406 Mass. 777, 783 (1990) (citations omitted). However, Massachusetts does permit the parents of a child born with a congenital or genetic disorder to recover against a negligent physician. Viccaro, supra at 780-81. The parents may recover for emotional distress suffered as a result of the physician’s negligence and any physical harm caused by that emotional distress. Viccaro, supra at 782. In addition, the parents may recover “the extraordinary medical, educational, and other expenses that are associated with and are consequences of the disorder. Viccaro, supra at 780.
In the instant action, the parents, Karen and Michael Rosen, are unable to recover the extraordinary expenses that are associated with Corey Doe’s disorder because the parents are no longer the legal guardians of Corey Doe. It is for this reason that Corey Doe’s Guardian Ad Litem wishes to intervene so that she may recover the extraordinary expenses associated with the future care of Corey Doe. Although a child is not entitled to bring a “wrongful life" claim against a negligent physician, the Supreme Judicial Court has intimated that a child may have a cause of action against the physician for extraordinary expenses when the child’s parents are not able to bring such a claim, especially when the child’s only other alternative is to become a public charge. In Viccaro, the Supreme Judicial Court stated that “as long ... as [the child’s] parents are entitled to recover against [the physician] for the extraordinary costs they will incur because of [the child’s] genetic disease, [the child] need not have his own cause of action for those expenses. We do not totally discount the possibility that we might impose liability for the extraordinary expenses of caring for [the child] after his parents’ death, perhaps in order to keep such a person from being a public charge.” Viccaro, supra at 785.
As a result of Karen and Michael Rosen’s decision to surrender their child to the Department of Social Services, Corey is now a public charge. At oral argument, the Guardian Ad Litem represented to the court that Corey’s extraordinary medical and other costs are being provided by the public through health benefits through the Commonwealth. Given this fact, it is this court’s opinion that the instant action is the exact situation which the Supreme Judicial Court envisioned when it intimated a possible exception in Viccaro to the general rule that a child does not have a cause of action against a negligent physician for extraordinary expenses. Accordingly, this court allows the Guardian Ad Litem to intervene in the instant action so that Corey Doe may bring a cause of action against the defendant for the extraordinary expenses associated with his genetic disease which his biological parents would have been able to bring but for the surrender of the child to the Department of Social Services.[2]
ORDER
Based on the foregoing reasons, it is hereby ORDERED that the Guardian Ad Litem’s Motion to Intervene be ALLOWED.

 By allowing the Guardian Ad Litem to intervene, the court is not recognizing a cause of action based on “wrongful life.” It is merely permitting a claim for damages which is recognized under common law. Viccaro, supra at 780.